ELIZABETH S. GREENE, Respondent, *v.* SIBLEY, LINDSAY AND CURR COMPANY, Appellant.

(Argued June 16, 1931; decided July 15, 1931.)

*Charles S. Wilcox* for appellant. The denials of defendant's motions for a nonsuit and a directed verdict were error. (*Pitkin* v. *N. Y. C. R. R. Co.*, 94 App. Div. 31; *Geohegan* v. *Fox & Co.*, 104 Conn. 129; *Hart* v. *Grennell*, 122 N. Y. 371; *Larkin* v. *O' Neill*, 119 N. Y. 221; *Curtis* v. *Lehigh Valley R. R. Co.*, 233 N. Y. 554; *Pennsylvania R. R. Co.* v. *O' Neil*, 204 Fed. Rep. 584; *Dubois* v. *Kingston*, 102 N. Y. 219; *Sparks* v. *Siebrecht*, 19 App. Div. 117; *Williams* v. *Liberty Stores, Inc.*, 148 La. 450; *Seabridge* v. *Poli*, 98 Conn. 297.)

*Eugene Raines* for respondent. Plaintiff's contributory negligence and defendant's negligence were questions of fact for the jury. (*Kern* v. *Great A. & P. Tea Co.*, 241 N. Y. 600; *Peil* v. *Reinhart*, 127 N. Y. 381; *Quirk* v. *Siegel-Cooper Co.*, 43 App. Div. 464; *Graham* v. *Bauland*, 97 App. Div. 141; *Williams* v. *Liberty Stores*, 148 La. 450.)

CARDOZO, Ch. J. Plaintiff, having made a purchase in the defendant's department store, stood at a counter waiting for her change. While standing there, she turned to her right and saw beside her a mechanic and a floor-walker looking at a cash register which was said to be out of order. Then she turned to her left, and gathered up her change which the shop girl had brought for her. In the meantime, the mechanic had gone down on his knees in order to look up into the mechanism, with the result that his legs stretched back upon the flooring of the aisle. Plaintiff, supposing, so she tells us, that he was standing where he stood before, and meaning to go around him, stumbled over his foot. She suffered injuries for which she sues.

We find no evidence of negligence.

The mechanic had been standing by the plaintiff, busy, as she perceived, in the repair of the machine. She had no thought that he had gone away during the moment or two that had passed in the collection of the change. On the contrary, she supposed, so she says, that he was standing where he was before. " I thought I was making a sweep around him standing there." The merest glance would have told her that instead of standing there erect, he was down upon his knees. We do not say that there was contributory negligence on her part in the failure to be more observant of the fact that his attitude had changed. It is quite a different thing to say that there was negligence on his part in the failure to foresee how little observant she would be.

The measure of the defendant's duty was reasonable care (*Hart* v. *Grennell*, 122 N. Y. 371, 374; *Larkin* v. *O'Neill*, 119 N. Y. 221). Looking back at the mishap with the wisdom born of the event, we can see that the mechanic would have done better if he had given warning of the change of pose. Extraordinary prevision might have whispered to him at the moment that the warning would be helpful. What the law exacted of him, however, was only the ordinary prevision to be looked for in a busy world. He was doing a common and simple act in the plain sight of those around him. The act did not involve a continuing obstruction with the indefinite possibilities of mischief that permanence implies (cf. *Ginns* v. *Sherer Co.*, 219 Mass. 18; *Nye* v. *Liggett Co.*, 224 Mass. 401). It was a matter of minutes or perhaps seconds. A saleswoman who had knocked a package off a counter or a customer dropping a handbag or a glove might have done the same thing. If the kneeling mechanic gave any thought to the plaintiff standing at his side, he must have known that she had seen him at work upon his job. Was he to suppose that she would act as if he were still standing there erect when to his knowledge a mere glance would have told her something else ?

The judgment of the Appellate Division and that of the County Court should be reversed and the complaint dismissed with costs in all courts.

LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; POUND and CRANE, JJ., dissent.

Judgments reversed, etc.