DECIDED SEPTEMBER 24, 1932.

*H. T. Golightly,* for plaintiff.

### 22060. ROGERS *v.* SEARS, ROEBUCK & COMPANY.

STEPHENS, J. 1. A duty rests upon the occupier of land to exercise ordinary care to keep the premises safe for persons coming thereon by his invitation. Civil Code (1910), § 4420. The invitee, in coming upon the land, may rely upon the discharge of this duty by the person occupying the land and in control thereof, and therefore is not necessarily and as a matter of law guilty of negligence in failing to discover the existence of a patent defect in the premises which renders it unsafe for persons coming upon the premises. If the defect, though patent, is not of such a nature and character as to be necessarily seen, in the exercise of ordinary care by the person coming upon the premises and who has the right to rely upon the duty of the occupier of the premises to keep the premises safe, as where the defect is an upward projecting plank in a board-walk upon the premises, an invitee coming upon the premises and using the board-walk as a walkway, who, without observing the defect, is tripped by it and injured, is not, as a matter of law, guilty of negligence in not observing the defect in the walk. The owner and occupier of the premises is guilty of negligence in knowingly maintaining the premises in the described condition.

2. Where the petition alleged that the plaintiff went upon the defendant's premises as an invitee, for the purpose of purchasing merchandise in the defendant's store, and that while passing over a board-walk that "consisted of a number of wooden planks laid together side by side and end to end," which had been constructed by the defendant "for the use and accommodation of its customers," the plaintiff "stepped upon a board that was projecting above the surface, and fell and injured herself," that she "was not aware of this condition until she had

reached said board and had fallen," that the defendant "had actual notice of the dangerous condition" of the board, but failed to give the plaintiff warning thereof, and failed to give her a safe place on which to walk, that the defendant's conduct in this respect was negligence which caused described physical injuries to the plaintiff and caused her to suffer great mental pain and suffering, and caused her to be confined in a bed in a hospital, to her damage in a specified sum of money, the petition set out a cause of action and was good against the general demurrer, and also the special demurrer upon the ground that the petition failed to set out acts constituting negligence, and failed to allege the proper measure of damages. Civil Code (1910), § 4420; *Wynne* v. *Southern Bell Telephone Co.*, 159 *Ga.* 623 (126 S. E. 388).

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 24, 1932.

*Ezra M. Sasserville, Abram Zeigler,* for plaintiff.
*Alston, Alston, Foster & Moise, W. H. Sibley,* for defendant.