31014. LANE DRUG STORES INC. *v.* STORY.

DECIDED SEPTEMBER 29, 1945.

*Lee, Congdon & Fulcher,* for plaintiff in error.

*Curry & Curry,* contra.

FELTON, J. (After stating the foregoing facts.) The evidence fails to show negligence on the part of the defendant. The rule of law as to the duty of the occupier of premises to an invitee applies to hidden defects and to those not discoverable by the invitee by the exercise of ordinary care. *Coffer* v. *Bradshaw,* 46 *Ga. App.* 143 (167 S. E. 119) ; *Day* v. *Trion Co.,* 56 *Ga. App.* 1 (192 S. E. 88) ; *Lebby* v. *Atlanta Realty Corp.,* 25 *Ga. App.* 369 (103 S. E. 433). Therefore, in order to show negligence in this case, the plaintiff must show that she could not have seen the stool in

the exercise of ordinary care. If she saw the stool at all, it would seem that she would have avoided falling over it. Counsel for the plaintiff (below) argue that the stool was so nearly the same color as the floor that she did not see it. There is an allegation in the petition to this effect, but there is no such testimony in the brief of evidence. Construing her testimony most strongly against her, she saw the stool, and does not give any reason why she could not have seen it more plainly or why she could not have seen it in the exercise of ordinary care. There is no evidence that the plaintiff's eyesight was bad or that the defendant knew of it, or that there was some occurrence to throw the plaintiff off her guard, or that any other facts existed which would render the defendant liable. *Rolleston* v. *Cassirer, 3 Ga. App.* 161 (59 S. E. 442). The court erred in overruling the motion for new trial on the general grounds. There is no merit in the grounds of the amended motion for new trial. *Judgment reversed. Sutton, P. J., and Parker, J., concur.*