33133.   ROBERTSON *v.* LIGGETT DRUG CO. INC. *et al.*

DECIDED JUNE 26, 1950.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* for plaintiff.

*T. J. Long, B. Hugh Burgess,* for defendants.

GARDNER, J. There were no special demurrers interposed to this petition. The only question presented for determination by this court, therefore, is whether the petition set forth, as against a general demurrer, a cause of action against the defendant tenant, Liggett Drug Co. Inc. It is true that "the landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant," and that, however, the landlord "is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." Code § 61-112. In *Gardner* v. *Rhodes,* 114 *Ga.* 929 (41 S. E. 63), the Supreme Court ruled that where the tenant threw water onto the sidewalk where the cold air caused it to freeze, the landlord was not liable to one injured

by falling on the ice. Likewise, our Supreme Court has held that where a nuisance is maintained by a tenant, the landlord is not responsible for the same, unless license is given by him to the tenant. *Edgar* v. *Walker*, 106 *Ga.* 454 (32 S. E. 582). By parity of reasoning, the tenant maintaining the nuisance would be liable to one injured as a result thereof.

The defendant in error, the tenant, states that "the question presented . . is whether or not a tenant of property is liable for negligent obstruction on the sidewalk of premises occupied by him as a tenant, which obstruction was not created by him," to which question the defendant should have added "where such obstruction is known to the tenant or in the exercise of ordinary care should have been known, and where with such knowledge of the 'defective, unsafe and dangerous condition' thereof the tenant failed to remedy the same or otherwise to take any precautions to warn persons, rightfully using the public sidewalk, of such condition."

As we have seen, ordinarily the landlord is liable for a negligent construction, even though the landlord has parted with full possession of the premises. However, we have also seen that the courts of this State have held that a tenant is liable to one injured by a nuisance on the rented premises which is maintained and continued by such tenant.

The question as to whether or not the defendant city is liable under the facts alleged and as to the liability of the landlord is not for determination. The tenant was a resident defendant. If the case were here on general demurrer by the city, which is located in DeKalb County, it would be necessary to determine whether there was a cause of action alleged against the resident defendant. So where, when a landlord leases premises, there is a nuisance thereon or such a condition as will lead to the creation of a nuisance, it has been said that not only would the landlord be liable in a proper case to one injured by such nuisance but the tenant himself would be responsible to one injured as a result of the maintenance of this condition, where such tenant uses the obstruction and nuisance and has knowledge of its dangerous and unsafe condition, either express or implied. It is the duty of the tenant in possession of the premises to see that the obstruction is kept in proper repair or that sufficient

precautions are taken to warn those who may rightfully come into contact therewith. See 13 R. C. L. 326 and cases cited and annotated therein; 25 Am. Jur. 663. The rule has been aptly stated that, "In accordance with the general principles governing the duties and liabilities of private persons and corporations generally with respect to the safety of highways . . an owner or occupant of abutting premises who has a servitude in the sidewalk or other portion of a public way, for his private benefit, the enjoyment of which involves the disturbance of the surface of the walk or way or otherwise affects its safety, must exercise due care to maintain in safe condition the portion affected by such servitude, and will be liable for injuries proximately resulting from his default in this respect." 25 Am. Jur. 659, and cit.

In such a case, it is the tenant's duty to see that the grill, grating or cover to an opening in the sidewalk, in front of the premises, is in proper repair, and the tenant cannot relieve itself from liability by claiming that its attention was not called to the unsafe condition thereof or that the contract of rental prohibited the making of repairs or alterations in the premises. See generally *Folsom* v. *Lewis*, 85 *Ga.* 146 (11 S. E. 606). In *Davey* v. *Turner*, 55 *Ga. App.* 786, 788 (191 S. E. 382), this court stated: "The petition alleges the creation and maintenance of a nuisance. The duty not to create a nuisance, by which third persons may be injured, and the duty not so to maintain one, exist independently and outside of contracts. It is only on this theory that a joint action could be maintained, and the party creating the nuisance and the party maintaining it are certainly joint tort-feasors as to an injury which is the direct and natural consequence of these acts."

"It has been held that where the covering to an opening in a sidewalk is a nuisance, the owner and the tenant are each liable for injuries caused by it." 62 A. L. R. 1095 (Ann.). The owner is held liable for the creation of the condition and the tenant is held liable for maintaining or continuing the same. They are considered joint tort-feasors.

The petition in this case set out a cause of action against the tenant, good as against a general demurrer. Questions of negligence, failure to exercise ordinary care, and the like, except in

plain and unmistakable cases are not questions for determination on general demurrer but are questions of fact to be determined by the jury under appropriate instructions by the court as to the law applicable. See *Fuller* v. *Steyerman & Sons*, 46 *Ga. App.* 830, 836 (169 S. E. 508); *Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1 (179 S. E. 415).

It follows that the court improperly sustained the general demurrer of the tenant and dismissed the petition as to this defendant. Under the allegations thereof, properly construed, a jury could find that the condition existing in front of this drug store, occupied by the tenant, constituted a dangerous, defective and unsafe condition and obstruction in the sidewalk as to pedestrians and members of the public lawfully entitled to use the same and to assume that the sidewalk was a safe place to walk, and to consequently find that the same constituted a nuisance, and that the defendant tenant had knowledge of this condition, used this grating or grill as a part of its use and occupancy of the building so rented from the investment company in order to admit light and air into the basement thereof, and, therefore, that the defendant tenant allowed this condition to continue and took no steps to warn the public using the sidewalk of the danger. The jury could find from the facts alleged that such tenant was liable for the maintenance of a nuisance. See Fortmeyer *v.* National Biscuit Co. 116 Minn. 158 (133 N. W. 461), where the rule in a proper case, as to the liability of the tenant, the landlord and the municipality is ably dealt with.

There is no merit in the contention that it affirmatively appears from the petition that the plaintiff was injured as a result of her own failure to use due care and caution for her own safety and that she by the exercise thereof could have seen said obstruction and have avoided tripping thereon. As we have seen, this is ordinarily a question for the jury, and also it is alleged that the fact that this grill was slightly elevated was not observable as one using the sidewalk approached from the direction in which the plaintiff approached.

The trial judge erred in sustaining the general demurrer and in dismissing the petition as to the defendant, Liggett Drug Company Inc.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*