### 33529.   BRAY *v.* BARRETT.

Decided June 9, 1951.

*Franklin, Eberhardt & Barham,* for plaintiff in error.

*Copeland & Converse, T. Guy Connell,* contra.

SUTTON, C. J. (After stating the facts.) Code § 105-401 provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." The plaintiff occupied the position of an invitee as he was undertaking to enter the defendant's store to buy a package of cigarettes at the time of his alleged injury. It is assumed in the argument in the brief of the plaintiff in error that the defendant was guilty of negligence in that the side supporting rod of the awning was not high enough above the sidewalk to permit a person to pass under it without lowering his head slightly.

But the contention of the plaintiff in error (the defendant in the court below) is that the plaintiff, by the exercise of ordinary care, could have avoided his injury caused by the defendant's alleged negligence, and that the general demurrer to the petition should have been sustained for this reason. Code § 105-603 is as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." It is a well-established principle of law that questions of negligence, diligence, and proximate cause are peculiarly for the jury and will not be solved by the court as a matter of law, except in plain and indisputable cases. Ordinary care or diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. Whether the plaintiff was in the exercise of such care under the circumstances is a matter of defense; and unless the allegations of his petition affirmatively show that he did not exercise ordinary care to avoid the defendant's alleged negligence, then the petition is good against the general demurrer.

The plaintiff walked out of the front door of his store onto

the sidewalk, turned immediately to his left and had taken two or three steps when his head struck the supporting rod of the awning in front of the defendant's store, inflicting the injury complained of. The route and method which the plaintiff followed in going from his place of business to that of the defendant at the time in question was the customary route used by him, and he had many times traversed the same path in the same manner without harm or injury. As he left the door of his place of business, he instinctively glanced at the sidewalk to assure his safety in walking, and his head was momentarily lowered immediately after he left his own place of business. Because of the short distance between the plaintiff's door and the awning rod, the fact that he had many times previously traversed with safety the same route over which he then traveled, and because he lowered his head momentarily to examine the sidewalk in front of him, he had insufficient time or opportunity to observe or see the awning in front of the defendant's store. On the previous occasions when the plaintiff had traversed the same route from his own place of business to the defendant's store, the lower side supporting rods of the awning on the north side had always been sufficiently high above the sidewalk to permit the plaintiff to walk under the same without danger of striking his head; but on the occasion when his head struck the awning rod, the awning and rods were in a much lower position than they had been previously.

What would an ordinarily prudent person have done under the same or similar circumstances as here disclosed? In other words, was the conduct of the plaintiff in going from his place of business to the defendant's store at the time in question and under the facts alleged that of an ordinarily prudent person, or does his petition affirmatively show that he could have avoided his injury caused by the defendant's alleged negligence, by the exercise of ordinary care? We think these are matters that should be determined by a jury, under the facts and circumstances.

Counsel for both sides cite numerous cases, pro and con, dealing with issues and facts somewhat similar to the question for decision in this case. But each case depends on its own peculiar facts and must be accordingly determined. It is contended by

the plaintiff in error that the plaintiff walked out of his store in broad daylight and walked into or against the awning and injured himself, and that such injury was caused by failure on his part to exercise ordinary care for his own protection. The fact that the awning could have been seen does not render the petition subject to general demurrer under the facts alleged, on the theory as contended by the plaintiff in error.

The plaintiff did not know and had no reason to suspect that the awning in front of the defendant's store had dropped down to where he could not walk under it as he had done so many times before, and under the facts alleged it is a question for a jury to determine whether he could have discovered this in time to keep from bumping into it.

It was ruled in *Wynne* v. *Southern Bell Tel. Co.,* 159 *Ga.*, 623 (4) (126 S. E. 388), that "Where the owner or occupier of premises fails to exercise ordinary care in keeping reasonably safe such premises for the use of those who go upon them as invitees, and where such an invitee is injured by a patent defect in such premises of which the injured party has no actual knowledge, it can not be held as a matter of law that such injured party was lacking in ordinary care in failing to observe the defect in time to avoid the injury." This same ruling was quoted and applied in the case of *Parsons* v. *Sears, Roebuck & Co.,* 69 *Ga. App.* 11, 13 (24 S. E. 2d, 717). In *City of Macon* v. *Stevens,* 42 *Ga. App.* 419 (156 S. E. 718), a cannon was placed in a park immediately abutting a public sidewalk of the city with the barrel of the cannon projecting about eight feet over the sidewalk and at a height of about five feet above the sidewalk, the same constituting an obstruction dangerous to pedestrians using the sidewalk, and the plaintiff, while walking along the sidewalk, struck her head against the projecting barrel of the cannon, receiving an injury therefrom; it was held that the city was liable for the injury thus sustained if proximately caused by the negeligence of the city in permitting the barrel of the cannon to project over the sidewalk, and not by the negligence of the person injured. Also, see *Rogers* v. *Sears, Roebuck & Co.,* 45 *Ga. App.* 772 (1) (166 S. E. 64); *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (179 S. E. 415); *Robertson* v. *Liggett Drug Co. Inc.,* 81 *Ga. App.* 850 (60 S. E. 2d, 268).

In the case of *Nabors* v. *Atlanta Biltmore Corp.*, 77 *Ga. App.* 730 (49 S. E. 2d, 688), cited and relied on by the plaintiff in error, the plaintiff in a crouched position dragged a 300 lb. block of ice along the floor in the ice storage room of the hotel, which was lighted by an electric light hanging from the ceiling to about 5½ feet from the floor, the light bulb being protected by a wire cage or screen, one side of which had sharp and jagged points of wire, and the plaintiff raised up under the light from his stooped position and struck his head against the screen over the light and injured his head as alleged. This court held that the trial court properly dismissed the petition on general demurrer in that case, under the facts alleged, and said, "The plaintiff went into the ice room which was lighted by an electric light suspended from the ceiling. The approximate height of this light from the floor, alleged to be about 5½ feet, was obvious to the plaintiff, and no reason appears why the plaintiff could not have seen the broken wires of the cage or basket over the light, although he alleges that the broken cage was not discernible to him in coming into the room from the natural light of day outside."

Neither this case nor the other cases cited in the plaintiff in error's brief, including *Lane Drug Stores Inc.* v. *Story*, 72 *Ga. App.* 886 (35 S. E. 2d, 472), *Ford* v. *S. A. Lynch Corp.*, 79 *Ga. App.* 481 (54 S. E. 2d, 320), and *Brim* v. *Healey Real Estate &c. Co.*, 56 *Ga. App.* 483 (193 S. E. 84), require a different ruling in the present case from the one here made. As above stated, each case must be construed and decided under its own particular facts. We are of the opinion, and so hold, that it does not affirmatively appear from the allegations of the plaintiff's petition that he could have avoided the injury to himself caused by the defendant's alleged negligence, by the exercise of ordinary care. It follows that the trial judge did not err in overruling the defendant's general demurrer.

*Judgment affirmed. Felton and Worrill, JJ., concur.*