34733, 34734. SHERATON WHITEHALL CORPORATION
*v.* McCONNELL; and *vice versa.*

726

DECIDED SEPTEMBER 18, 1953.

728

*Ferdinand Buckley, Marshall, Greene, Baird & Neely,* for plaintiff in error.

*Durwood T. Pye,* contra.

SUTTON, C.J. The defendant contends that the court erred in overruling its general demurrer to the amended declaration, for the reason that the declaration fails to show negligence on the part of the defendant and affirmatively shows that the plaintiff's failure to exercise ordinary care caused her injuries.

"Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code § 105-401. It is not questioned that the declaration shows that the plaintiff was an invitee on the premises owned and occupied by the defendant, and we think that the declaration further alleges a structure on the defendant's premises which would cause a prudent owner reasonably to anticipate danger from its existence. It

appears that, in going from the center aisle through the audience to the platform, at which the plaintiff was to sit during the proceedings of the conference which she was attending, the plaintiff crossed the side of a dance floor, to which there was attached a sloping board or plank sloping down from the surface of the dance floor to the carpet. The difference in elevation was alleged to be from one and one-half inches to two inches; the width of the sloping board was about two or two and one-half inches, and the board ran the length of that side of the dance floor. The danger in this construction was not entirely in its polished condition, but also in the fact that its surface was not level but was sloping. The slope of the board was not so conspicuous as to have been readily noticed by anyone with normal vision while walking across it in the exercise of ordinary care for his safety. It is alleged that the plaintiff did not see the sloping board or know that it was there, and this obstruction was not such as would necessarily be seen and appreciated by the plaintiff in the exercise of ordinary care in observing where she was walking.

Furthermore, the alleged fact that the front edge of the dance floor was perpendicular would tend to mislead the plaintiff,· as she passed over the dance floor on her way to the platform, into expecting that the side of the floor would also be perpendicular, rather than sloping.

It is well settled that each case must stand or fall upon its own alleged facts; but the present case is similar and analogous to the cases of *Robertson* v. *Liggett Drug Co.*, 81 *Ga. App.* 850 (60 S. E. 2d 268), in which the plaintiff fell upon a ventilating grill elevated one and one-half inches above the sidewalk, with a cement connection from the top of the grill down to the sidewalk, *Rogers* v. *Sears, Roebuck & Co.*, 45 *Ga. App.* 772 (166 S. E. 64), where the defect on which the plaintiff tripped was an upward projecting plank in a boardwalk, and *Wynne* v. *Southern Bell Tel. &c. Co.*, 159 *Ga.* 623 (126 S. E. 388), where the plaintiff's heel caught in the spaces between metal projections upon steps leading to the defendant's building. In each of those cases, it was held that the petition set out a cause of action, and the conditions causing the injuries were not of such a character as to have been necessarily seen by the plaintiff in the exercise of ordinary care.

The cases cited and relied upon by the plaintiff in error are distinguishable on their facts from the present case and do not require a ruling different from the one here made. *Vaissiere* v. *J. B. Pound Hotel Co.*, 184 *Ga.* 72 (190 S. E. 354); *Moore* v. *Kroger Co.*, 87 *Ga. App.* 581 (74 S. E. 2d 481); *Lane Drug Stores* v. *Story*, 72 *Ga. App.* 886 (35 S. E. 2d 472); *Tinley* v. *F. W. Woolworth Co.*, 70 *Ga. App.* 390 (28 S. E. 2d 322); and *National Bellas-Hess Co.* v. *Patrick*, 49 *Ga. App.* 280 (175 S. E. 255), are all cases dealing with structures and arrangements of premises which were obvious, visible, and apparent, and thus considered either as not being dangerous or as presenting dangers which the plaintiff could have appreciated and avoided in the exercise of ordinary care.

Questions of negligence, proximate cause, and failure to exercise ordinary care to avoid the consequences of another's negligence are questions of fact which are ordinarily for determination by a jury, and this is not such a plain and indisputable case that the court should determine these questions as a matter of law. The petition set out a cause of action, and the court did not err in overruling the general demurrer thereto.

■ The cross-bill complains of the rulings of the court sustaining special demurrers to the petition and striking therefrom two of the specifications of the defendant's negligence. But these rulings were made as a part of the judgment rendered on January 30, 1953, in which the court also sustained some of the demurrers with leave to amend. According to Code § 81-1001, as amended by the act of 1952 (Ga. L. 1952, pp. 243, 245), "Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment. Parties shall have the right to amend at any time prior to the rendition of such latter judgment. Nothing herein shall be construed to abridge the right of amendment otherwise existing." Therefore, the judgment of January 30, 1953, in which certain of the defendant's demurrers were sustained and the plaintiff was allowed to amend within 15 days, was not subject to exception or review, and was superseded

by the judgment on the sufficiency of the pleadings rendered after the time allowed for amendment had expired.   In this latter judgment, the court overruled "the foregoing demurrers *and renewed demurrers*" to the petition as amended; this judgment superseded the former judgment sustaining the special demurrer and striking subparagraphs (f) and (g) of the allegation of the defendant's negligence, and it overruled the demurrer as renewed to those subparagraphs. This last ruling was favorable to the plaintiff and, of course, was not excepted to.

The paragraphs of the defendant's answer to the effect that the plaintiff's injuries complained of were caused by her own negligence, which were demurred to by the plaintiff on the ground that these were conclusions of the pleader, were matters of defense that could have been gone into by the defendant on the other portions of his answer, and for these reasons the cross-bill of exceptions is without merit.

*Judgment affirmed on both bills of exceptions.   Felton and Worrill, JJ., concur.*