35312, 35313.   WICKER *v.* ROBERTS *et al.* (two cases).
35314, 35315.   RAY *v.* ROBERTS *et al.* (two cases).

Decided January 10, 1955—Rehearing denied February 4, 1955.

*Smith, Field, Doremus & Ringel, Ogden Doremus,* for Roy Wicker.

*T. J. Long,* for L. A. Ray.

*Robert Duncan, Dudley Cook,* contra.

NICHOLS, J. The defendants contend that the court erred in overruling their general demurrers to the petitions, because the allegations do not show negligence on the part of the defendants, and because it further appears that the failure of the plaintiff wife to exercise ordinary care for her own safety caused her injuries.

"Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code § 105-401. It is not disputed that the petitions show that the plaintiff wife was an invitee on the premises owned by one of the defendants and occupied by the other. No question is raised as to whether or not the possession of one of the defendants was exclusive of the other, as in a relationship of landlord and tenant.

The petition alleges the existence of a structure on the defendants' premises which, a jury would be authorized to find, would cause a prudent person reasonably to anticipate danger to persons walking over it. It appears that the interlocking, aluminum threshold strip was located beneath a solid door used as an exit from a patients' reception room. The door was closed as the plaintiff wife approached it to leave the premises. The base of the strip was four and a half inches wide and one inch high, with a narrower strip extending about three-eighths of an inch above the base. The upper strip was grooved so as to interlock with a similar strip attached to the door. The danger in this construction was that the grooved portion of the strip might catch the shoe of a person passing over it, and that, being located under a closed door, it may not have been so conspicuous as to have been readily noticed by a person with normal vision while walking across it and passing from the interior of the building to the outside, in the exercise of ordinary care for his own safety. It is alleged that the plaintiff wife did not know of the construction of the threshold strip, and that the defendants knew of the

dangerous conditions existing. Although it is not alleged that the wife did not see the strip, it is shown that the danger thereof was not such as to have been necessarily seen and appreciated by her in the exercise of ordinary care in observing where she was walking.

In many respects this case is analogous to *Robertson* v. *Liggett Drug Co.*, 81 *Ga. App.* 850 (60 S. E. 2d 268), where the plaintiff fell upon a ventilating grill elevated one and a half inches above the sidewalk; to *Rogers* v. *Sears, Roebuck & Co.*, 45 *Ga. App.* 772 (166 S. E. 64), where the plaintiff tripped upon an upward projecting plank in a boardwalk; to *Wynne* v. *Southern Bell Tel. &c. Co.*, 159 *Ga.* 623 (126 S. E. 388), where the plaintiff's heel caught in spaces between metal strips fastened to the tread of steps to the defendant's building; and to *Sheraton Whitehall Corp.* v. *McConnell*, 88 *Ga. App.* 725 (77 S. E. 2d 752), where the plaintiff slipped upon a sloping board at the edge of a dance floor in the defendant's ballroom.

The cases cited and relied upon by the defendants are distinguishable on their facts from the present case and do not require a ruling different from that here made. In *Cuthbert* v. *Schofield*, 35 *Ga. App.* 443 (133 S. E. 303), *Williamson* v. *Kidd*, 65 *Ga. App.* 285 (15 S. E. 2d 801), *McCrory Stores Corp.* v. *Ahern*, 65 *Ga. App.* 334 (15 S. E. 2d 797), *McCarthy* v. *Hiers*, 81 *Ga. App.* 365 (59 S. E. 2d 22), and *Howerdd* v. *Whitaker*, 87 *Ga. App.* 850 (75 S. E. 2d 572), the defendants were charged with constructive knowledge of the dangerous conditions on their premises; the petitions in this case allege that the defendants knew of the dangerous condition existing. *Tinley* v. *F. W. Woolworth Co.*, 70 *Ga. App.* 390 (28 S. E. 2d 322), involved a platform scale in the aisle of a store, which was so obvious and apparent that it could not be considered dangerous. In *Brim* v. *Healey Real Estate &c. Co.*, 56 *Ga. App.* 483 (193 S. E. 84), the plaintiff alleged that she tripped over a threshold strip, and it was said that "The plaintiff cautiously refrains from alleging that she did not actually know of the construction of the threshold which she alleges caused her injuries"; she was the employee of a tenant of the defendant, and it was held that her constant use of the doorway was sufficient to charge her with knowledge of its construction and a duty to avoid it. The petitions here allege that the

plaintiff wife did not know of the dangerous condition of the doorway, and we may not assume that, as a patient of a dentist, she made such frequent use of the doorway that she was familiar with the danger inherent in its construction.

Questions of negligence, proximate cause, and failure to exercise ordinary care to avoid the consequences of another's negligence are ordinarily questions of fact for determination by a jury, and this is not such a plain and indisputable case that the court must determine these questions as a matter of law. The petitions set out a cause of action, and the court did not err in overruling the general demurrers thereto.

*Judgments affirmed. Felton, C. J., and Quillian, J., concur.*