35967. GOLDSMITH *et al. v.* HAZELWOOD.

Decided January 27, 1956—Rehearing denied February 8, 1956.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.

*John L. Westmoreland, Sr., John L. Westmoreland, Jr., G. Ernest Tidwell,* contra.

GARDNER, P. J. The defendants contend that the plaintiff is barred from a recovery by reason of her own negligent failure to exercise ordinary care for her own safety. Counsel cites in support of this theory *Mattox* v. *Atlanta Enterprises,* 91 *Ga. App.* 847 (87 S. E. 2d 432). In that case the plaintiff brought an action for damages, based on the alleged negligence of Atlanta Enterprises, Inc., resulting in certain injuries to the plaintiff, the plaintiff alleging that the defendant corporation operated a motion picture theatre and charged a fee for admission. The plaintiff, upon inquiring of an usher as to the location of the ladies' rest room, was told to go down a stairway, turn left as she entered the lobby, and to follow another stairway down into the rest room. The stairway was alleged to have been unlighted and dark and as the plaintiff proceeded cautiously down the same, her foot caught in a torn place in the carpet, causing her to fall down the stairway and suffer described injuries. In that case the court affirmed the trial court in sustaining a general demurrer. However, the petition in that case showed on its face that the plaintiff could not safely descend the steps. The allegations in that case are not similar to the allegations in the instant case and therefore we do not feel that we need follow that decision in the instant case. The defendants also rely on *Brim* v. *Healey Real Estate & Improvement Co.,* 56 *Ga. App.* 483 (193 S. E. 84) wherein this court affirmed the ruling of the trial court in sustaining a general demurrer. That case concerned a metal strip which projected $\frac{1}{4}''$ above the floor, over which the plaintiff tripped and fell, sustaining injuries. The court in that case limited its ruling to structural defects and expressly stated that the ruling there would not be applicable to cases involving defects which are not structural. The case at bar does not involve structural defects.

The defendants' contention that the plaintiff was barred from recovery by reason of the fact that the plaintiff was an employee of the defendants is refuted by *Rothschild* v. *First National Bank of Atlanta,* 54 *Ga. App.* 486, 491 (188 S. E. 301), wherein it is said: "Therefore we do not think that the plaintiff in performing her duties as employee of a tenant of the defendant is required continually to be on the lookout for unsafe conditions. We are firmly convinced that we would not be justified in the eyes of the

law, in the face of her allegations that the slippery condition of the floor was not obvious, to say that it was obvious. True, she is possibly to be charged with some familiarity with the general condition of the floor; but if we charge her with knowledge that the floor was to some extent defective, we can not say it was sufficient knowledge to give a full appreciation of ·the danger attendant upon its use, as if she knew of all of the defective conditions which contributed to her injury."

It does not affirmatively appear in the instant case that the plaintiff was not in the exercise of ordinary care in using the stairway, but on the contrary it appears that she was in the exercise of ordinary care. It is clearly the rule that an owner or occupier of premises who invites or induces others to come upon his premises for any lawful· purpose is liable in damages for injuries occasioned to· them by his failure to exercise ordinary care in keeping the premises and approaches safe. Code § 105-401. And this applies to hidden defects and to those not discoverable by the invitee by the exercise of ordinary care. See *Lane Drug Stores* v. *Storey,* 72 *Ga. App.* 886 (35 S. E. 2d 472). Likewise, such owner or occupier is liable for failure to exercise ordinary care to warn such invitees of danger or defects in such premises. See *Tybee Amusement Company* v. *Odom,* 51 *Ga. App.* 1 (1a) (179 S. E. 415). The same rule applies to persons maintaining a business as to those who come as invitees. See *Lake* v. *Cameron,* 64 *Ga. App.* 501, 505 (13 S. E. 2d 856).

Now, as to whether or not· the plaintiff in the instant case was in the exercise of ordinary care for her own safety, we must remember that the questions of negligence of the defendant and proximate cause are peculiarly questions for determination by the jury. This court will decline to solve issues on demurrers except in palpably clear, plain and indisputable cases. See *Tybee Amusement Co.* v. *Odom,* 51 *Ga. App.* 1, supra. See also *Rothschild* v. *First National Bank,* 54 *Ga. App.* 486 (488) ; *Lake* v. *Cameron,* 64 *Ga. App.* 501 (505) (supra) ; and *Lane Drug Stores* v. *Brooks,* 70 *Ga. App.* 878 (885) (29 S. E. 2d 716). See also *Bray* v. *Barnett,* 84 *Ga. App.* 114( 118 (65 S. E. 2d 612), wherein this court said: "Ordinary care or diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. Whether the plaintiff was in the exer-

cise of such care under the circumstances is a matter of defense; and unless the allegations of his petition affirmatively show that he did not exercise ordinary care to avoid the defendant's alleged negligence, then·the petition is good against the general demurrer." We can not close ranks pro or con as to rulings on general demurrers, because it is elementary that allegations of pleadings and particular facts must be brought into consideration to determine each case. However, our laws and the decisions of our appellate courts have given us established working principles to determine part of the answers and for the rest we must rely on the pleadings and facts as developed in respective cases. It was held in *Scott v. Rich's, Inc.*, 47 *Ga. App.* 548 (171 S. E. 201) that ". . . mere knowledge of the danger of doing a certain act, without a full appreciation of the risk involved, is not sufficient to preclude a plaintiff from recovering, even though there may be added to the knowledge of danger a comprehension of some risk. It is still in most cases a question of fact whether, taking into account all the circumstances, including the knowledge and appreciation as well as every other material condition, the plaintiff is guilty of such negligence as to preclude recovery. Such knowledge and appreciation no doubt oftentimes, perhaps generally, constitutes weighty evidence of negligence. They do not invariably rise to such clear and conclusive manifestation of want of ordinary prudence as to warrant a court in ruling as matter of law that there is want of due care." This court in *Scott v. Rich's, Inc.*, supra, said that knowledge of defects should not be confused with knowledge of danger. To the same effect see *Belk-Gallant Company v. McCrary*, 88 *Ga. App.* 829 (78 S. E. 2d 198); *Firestone Service Stores v. Gillen*, 58 *Ga. App.* 782 (199 S. E. 853); *Krapf v. Sternberg*, 48 *Ga. App.* 130 (172 S. E. 69), and *Rogers v. Sears Roebuck & Co.*, 45 *Ga. App.* 772 (166 S. E. 64). As authority to sustain the trial court's ruling in the instant case see *Moore v. Sears, Roebuck & Co.*, 42 *Ga. App.* 658 (157 S. E. 106); *City of Silvertown v. Harcourt*, 51 *Ga. App.* 160 (179 S. E. 772); *Mathis v. Gazan*, 51 *Ga. App.* 805 (181 S. E. 503); *Lake v. Cameron*, 64 *Ga. App.* 501 (13 S. E. 2d 856); *Parsons v. Sears, Roebuck & Co.*, 69 *Ga. App.* 11 (24 S. E. 2d 717); *Pilgreen v. Hanson*, 89 *Ga. App.* 703 (81 S. E. 2d 18); *King Hardware Company v. Teplis*, 91 *Ga. App.* 13 (84 S. E. 2d 686); *Mayor of Savannah v.*

*Palefsky*, 91 *Ga. App.* 392 (85 S. E. 2d 817), and *Wicker* v. *Roberts*, 91 *Ga. App.* 490 (86 S. E. 2d 350). In the instant case the plaintiff alleged defects in the steps which caused her to fall and sustain injuries. She alleged that the defendants had actual knowledge of the dangerous condition of the steps, that the plaintiff did not have any knowledge or means of ascertaining the actual dangerous condition of the steps and did not have a full appreciation of the risk involved in using said steps and stairway.

The trial court correctly overruled the general demurrer to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*