37651. NECHTMAN *v.* B. THORPE & COMPANY, INC.

CARLISLE, Judge. 1. Where the evidence adduced on the trial of the case showed that the plaintiff, who had gone upon the defendant's premises at the invitation and request of an agent of the defendant to take pictures of certain defective construction thereon, and while so engaged in broad open daylight and while endeavoring to focus his camera on an object which he desired to photograph, stepped backward into an excavation

some 15 or 18 feet deep, which was adjacent to a wall erected therein, which excavation was some five or ten feet wide at the top when measured from the edge of the embankment thereof to the line of the wall, and some two feet wide at the bottom, and which was plainly visible to the plaintiff had he looked, such evidence demanded a verdict for the defendant, since the plaintiff could, by the exercise of ordinary care on his part, have avoided any negligence on the part of the defendant in maintaining such excavation on its premises, and the trial court did not err in granting a proper and timely motion for a judgment notwithstanding the verdict and in entering judgment for the defendant after the jury had returned a verdict for the plaintiff. *National Bellas-Hess Co.* v. *Patrick,* 49 *Ga. App.* 280 (1) (175 S. E. 255); *Tinley* v. *F. W. Woolworth Co.,* 70 *Ga. App.* 390 (28 S. E. 2d 322); *Lane Drug Stores, Inc.* v. *Story,* 72 *Ga. App.* 886 (35 S. E. 2d 472); *Banks* v. *Housing Authority of the City of Atlanta,* 79 *Ga. App.* 313 (53 S. E. 2d 595); *Bessman* v. *Greyhound Bus Depot of Atlanta, Inc.,* 81 *Ga. App.* 428 (58 S. E. 2d 922); *Executive Committee of the Baptist Convention* v. *Wardlaw,* 180 *Ga.* 148 (178 S. E. 155) (reversing 47 *Ga. App.* 595).

2. Under the evidence adduced in this case the allegedly dangerous and defective condition of the defendant's premises which caused the plaintiff's injury could have been seen by the plaintiff had he looked. The evidence shows that the defendant was in the process of constructing a shopping center on the premises where the injury occurred; that the buildings thereon were at the time of the injury in an incomplete condition, and the terrain was in the process of being graded or had recently been graded and was obviously in a rough and unfinished condition with much grading and leveling still to be done. Under such circumstances, the plaintiff was bound to have anticipated the existence of excavations and obstructions which might cause or contribute to his injury if he failed to observe where he stepped. No reason is shown by the evidence why the plaintiff could not have seen the excavation in question had he looked, and the allegations in the petition that the condition of the terrain was such that it created a deceptive situation which misled the plaintiff were not sustained by the evidence introduced. Insofar as the juridical facts of this case are concerned, they are on all fours with *Vaissiere* v. *J. B. Pound Hotel Co.,* 184 *Ga.* 72 (190 S. E. 354), and the ruling there made is controlling here.

3. The trial court did not err in granting the judgment n. o. v. for the defendant.

*Judgment affirmed.  Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 27, 1959.

*Vincent P. McCauley,* for plaintiff in error.
*Young, Hollis & Moseley, Howell Hollis,* contra.

