42160.   DANEKER v. MEGRUE.

ARGUED JULY 6, 1966—DECIDED SEPTEMBER 6, 1966—
REHEARING DENIED SEPTEMBER 21, 1966.

*Hatcher, Stubbs, Land & Rothschild, William B. Hardegree,* for appellant.

*L. B. Kent,* for appellee.

HALL, Judge. The petition shows no more than that the defendant had constructive knowledge that the dirt upon which he placed one side of the ladder was soft. The allegation that the defendant knew this because the ladder had gone into the earth when he used it two weeks before the plaintiff fell, and the allegation that the defendant had himself successfully climbed the ladder just before the plaintiff do not support a conclusion that the defendant had actual knowledge of the condition at that time. See *Etheridge Motors, Inc. v. Haynie,* 103 Ga. App. 676, 679 (120 SE2d 317); 71 CJS 66, Pleading, § 26.

While the defendant owed a duty to exercise ordinary care for the safety of his invitee, this duty imposed a liability only for injuries resulting from such defects as a reasonable inspection would disclose. *Fulton Ice & Coal Co. v. Pece,* 29 Ga. App. 507, 515 (116 SE 57).

The petition shows that the defendant took the precaution of climbing the ladder prior to permitting the plaintiff to climb it. In view of this allegation we do not see how any jury would be able to find that the defendant did not make a reasonable inspection or that he should have foreseen that the ground upon which the ladder was placed would not support the plaintiff. The broad test of negligence is what a reasonably prudent person would forsee and would do in the light of this foresight under the circumstances. "Not what actually happened, but what the reasonably prudent person *would then have foreseen as likely to happen,* is the key to the question of reasonableness." 2 Harper & James, The Law of Torts 929, § 16.9. Accord Prosser on Torts (3rd Ed.) 149, § 31; 38 AmJur 669, 679, §§ 24, 32. As Judge Cardozo said in Greene v. Sibley, Lindsay & Curr

Co., 257 N. Y. 190, 192 (177 NE 416, 417), "Extraordinary prevision might have whispered to him at the moment that the warning would be helpful. What the law exacted of him however, was only the ordinary prevision to be looked for in a busy world." We hold that the defendant, having tested the ladder by climbing it himself, did not expose the plaintiff to a foreseeable unreasonable probability of harm.

The trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Nichols, P. J., and Deen, J., concur.*