43243.   ROGERS v. BRAGG et al.

ARGUED JANUARY 5, 1968—DECIDED FEBRUARY 9, 1968—
REHEARING DENIED FEBRUARY 23, 1968—CERT.

*Alton D. Kitchings,* for appellant.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr., A. Martin Kent,* for appellees.

DEEN, Judge. 1. "Where the owner or occupier of premises fails to exercise ordinary care in keeping reasonably safe such premises for the use of those who go upon them as invitees, and where such an invitee is injured by a patent defect in such premises of which the injured party has no actual knowledge, it can not be held as a matter of law that such injured party was lacking in ordinary care in failing to observe the defect in time to avoid the injury." *Wynne v. Southern Bell Tel. Co.,* 159 Ga. 623 (4) (126 SE 388). See also, as to defects in floors and walkways which have been held to state a cause of action, *Sheraton Whitehall Corp. v. McConnell,* 88 Ga. App. 725 (77 SE2d 752) citing *Rogers v. Sears, Roebuck & Co.,* 45 Ga. App. 772 (166 SE 64); and *Robertson v. Liggett Drug Co.,* 81 Ga. App. 850 (60 SE2d 268); *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527). "The duty of the master to keep his premises and to conduct his business in such a manner that his servants may perform their duties in safety is but a phase of the broader and more anciently recognized doctrine of the common law that every person who expressly or impliedly invites another to come upon his premises or to use his instrumentalities is bound to use ordinary care to protect the invited person from injury while upon his premises." *Holman v. American Automobile Ins. Co.,* 201 Ga. 454, 459 (39 SE2d 850). Where there are dangers incident to the employment, unknown to the servant, of which the master knows or ought to know, he is under a duty to give warning thereof. *Code* § 66-301. The defendants contend that if the physical facts show an obvious danger, the duty was on the plaintiff equally with them to discover and avoid it; if the danger was not obvious, then there was no duty on the defendants to inspect and discover it. We reject the first argument because of the special circumstances, particularly the facts that the defendants knew the plaintiff might hang clothes in the

attic and had actual knowledge of the trap door or access well when they either erected or maintained the clothesline over it, and it is a jury question whether in the exercise of due care a person concentrating on this activity would notice a defect in the flooring, the existence of which she was unaware of. *Glover v. City Council of Augusta,* 83 Ga. App. 314 (63 SE2d 422). As to the second contention, the defendants were aware of the existence of the trap door when they placed or maintained the clothesline over it, having lived in the house for a number of years, and it cannot be said as a matter of law that, with the clothesline so placed and actual knowledge that the plaintiff sometimes used it, there was no duty to ascertain whether it would bear her weight. The defendants admitted knowledge ·at the time the depositions were taken of the construction of the trap door, from which it appears that this weakness was ascertainable on close visual inspection. "If the defect is latent, ·the master would be bound to discover the fact sooner than the servant, because the duty of inspection rests upon the master and and not on the servant . . . the master owes to the servant the duty of inspection." *Cochrell v. Langley Mfg. Co.,* 5 Ga. App. 317, 324 (63 SE 244); *Rountree v. Seaboard A. L. R. Co.,* 31 Ga. App. 231, 238 (120 SE 654); *Moody v. Hardeman,* 44 Ga. App. 676 (4) (162 SE 653).

These facts make issuable both negligence on the part of the defendants and the exercise of ordinary care for her safety on the part of the plaintiff. It was error to grant the motion for summary judgment.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*