44761. WAKEFIELD v. A. R. WINTER COMPANY, INC.

Argued September 9, 1969—Decided January 28, 1970—
Rehearing denied February 26, 1970.

*Wilson Brooks,* for appellant.

*Swift, Currie, McGhee & Hiers, George W. Hart,* for appellee.

HALL, Presiding Judge. "Here we start with the general proposition that issues of negligence, including such related issues as wanton or contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner." 6 Moore's Federal Practice (2d Ed.) 2583, § 56.17 [42]. "Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation. . . Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man." 3 Barron & Holtzoff-Wright, Federal Practice and Procedure, 106, 109, § 1232.1. As this court stated recently, "Questions necessitating a decision as to whether a given state of facts shows that lack of ordinary care for one's own safety which will bar recovery (within which category are placed those situations amounting to the assumption of the risk involved) or only that comparative negligence which will reduce it are generally for the jury." *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616). See also *McCurry v. Bailey,* 224 Ga. 318 (162 SE2d 9).

The rule for construing evidence on summary judgment has been repeated by this court so consistently that it needs no citation: The movant has the burden and the opposing party is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the petition and evidence; the movant has this burden even as to issues upon which the opposing party would have the trial burden. See *Wood v. Brunswick Pulp &c. Co.*, 119 Ga. App. 880 (169 SE2d 403), cert. den., 119 Ga. App. 889.

It might be well to also repeat what Judges Learned Hand, Frank and Chase have said about summary judgment: "We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. . . Such a judgment, wisely used, is a praiseworthy time-saving device. But, although prompt dispatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established. Denial of a trial on disputed facts is worse than delay. Cf. Arenas v. United States, 322 U. S. 419, 429, 433 (64 SC 1090, 88 LE 1363). The district courts would do well to note that time has often been lost by reversals of summary judgments improperly entered." Doehler Metal Furniture Co. v. United States, 149 F2d 130, 135. See also *Ginn v. Morgan*, 225 Ga. 192, 194 (167 SE2d 393); *Wood v. Brunswick Pulp &c. Co.*, 119 Ga. App. 880, supra.

"The question of the plaintiff's negligence is whether he exposed himself to a foreseeable unreasonable risk of harm. American Law Institute, Restatement, Torts 1230, § 466." *Johnson v. Thompson*, 111 Ga. App. 654, 658 (143 SE2d 51). In a case involving a plaintiff who fell into an open elevator shaft and a defendant building contractor who left the shaft open during construction, the Supreme Court reversed the sustaining of a general demurrer to the petition and held that whether the plaintiff "was exercising ordinary care, and whether the contractors were, in any of the particulars alleged, guilty of negligence which brought about the injuries complained of, were questions for the determination of a jury under proper instructions from the court." *Butler v. Lewman & Co.*, 115 Ga. 752, 758 (42 SE 98). See also *Chambers v. Peacock Constr. Co.*, 115

Ga. App. 670, 675 (155 SE2d 704), affirmed 223 Ga. 515 (156 SE2d 348).

A landmark decision of the Supreme Court on this question is found in *Wynne v. Southern Bell Tel. &c. Co.*, 159 Ga. 623, 628 (126 SE 388): "Where the owner or occupier of premises fails to keep them in a reasonably safe condition for the use of those who go thereon by his invitation, is an invitee who is injured by a patent defect in such premises, of which she has no actual notice, to be held as a matter of law to be lacking in ordinary care in failing to observe the defect in time to avoid the injury? In other words, will the neglect of a person to observe a patent defect in the steps which she uses in entering a building at the invitation of the owner, of which defect she has no actual notice or knowledge, constitute such a lack of ordinary care as will as a matter of law debar her from recovering from the owner damages for an injury sustained by her by reason of such defect? . . . Failure to exercise ordinary care by a plaintiff before the negligence complained of was apparent, or should have been reasonably apprehended, will not preclude a recovery, but will authorize the jury to diminish the damages in proportion to the fault attributable to the person injured. . . 'The established standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces want of such prudence as the ordinarily careful person would use in a like situation.' We can not say under this standard and as a matter of law that the plaintiff was lacking in ordinary care in not inspecting these steps, and that she could have avoided the consequences of the defendant's alleged negligence when the same was unknown to her. It can not be held as a matter of law that the circumstances were such that an ordinarily prudent person would have reason to apprehend its existence."

In other, similar cases, this court has said, "Looking continuously, without intermission, for defects in a floor is not required in all circumstances. *Lane Drug Stores v. Brooks*, 70 Ga. App. 878, 881, 882, 884 (29 SE2d 716), cert. denied 70 Ga. App. 902; *Rogers v. Sears Roebuck & Co.*, 45 Ga. App. 772 (166 SE 64); *Bray v. Barrett*, 84 Ga. App. 114 (65 SE2d 612); *Rothberg v. Bradley*, 85 Ga. App. 477, 482 (69 SE2d 293). Accord *Fuller v.*

*Louis Steyerman & Sons, Inc.,* 46 Ga. App. 830, 836 (169 SE 508); *Ga. Power Co. v. Sheats,* 58 Ga. App. 730, 741 (199 SE 582); *Sheraton Whitehall Corp. v. McConnell,* 88 Ga. App. 725 (77 SE2d 752); *Wicker v. Roberts,* 91 Ga. App. 490 (86 SE2d 350); *Goldsmith v. Hazelwood,* 93 Ga. App. 466 (92 SE2d 48); cert. denied 93 Ga. App. 912. 'What is "a reasonable lookout" depends on all the circumstances at the time and place.'" *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731, 733 (149 SE2d 527), cert. den. 113 Ga. App. 887.

Negligence is a two-edged sword which can and should cut both ways. The standard should be equally applied whether it is alleged negligence of a plaintiff or of a defendant. In this sense, it should be remembered that "Reasonable foresight does not require anticipation of exactly what will happen and perfect judgment of what is necessary to prevent injury. 'Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness.' 2 Harper & James, Law of Torts 929, § 16.9. Negligence is predicated on 'faulty or defective foresight rather than on hindsight which reveals a mistake.' *Misenhamer v. Pharr,* 99 Ga. App. 163, 168 (107 SE2d 875); *Daneker v. Megrue,* 114 Ga. App. 312 (151 SE2d 157)." *Shockley v. Zayre of Atlanta, Inc.,* 118 Ga. App. 672, 675 (165 SE2d 179). We should also remember the cautionary advice of Judge Cardozo in viewing the plaintiff's conduct: "What the law exacted of him . . . was only the ordinary prevision to be looked for in a busy world." Greene v. Sibley, Lindsay & Curr Co., 257 N. Y. 190, 192 (177 NE 416). An excellent statement on the standard of a reasonable man was made by the Attorney General of the United States in an address to the 1969 Annual Dinner Meeting of the American Bar Association: "The mark of the 'reasonable man' is to balance the interests; to strike a bargain between the perfect and the possible; to adhere to a moral ideal where that adherence is compelling. But, in general, to negotiate a practical middle-of-the-road solution." Mitchell, 53 Judicature 188.

The defendant lays great stress upon the fact that the building was under construction at the time the plaintiff fell through

the open stairwell. However, there is testimony from a licensed architect that "During building construction, it is the customary practice and recommended procedure, in order to protect the life and limb of workmen on the job, to have openings and shafts protected to guard one from walking or falling into such openings, shafts, stairwells, etc." The defendant also contends that the licensed architect's affidavit is hearsay because it does not formally recite that it was made on personal knowledge. Affidavits must be made on personal knowledge. *Code Ann.* § 81A-156 (e). "This does not mean that the affidavit must contain a statement in those words. 'A statement in the jurat to the effect that the affidavit is made upon personal knowledge is generally sufficient' to comply with the Act, . . . but the requirement of personal knowledge may be met by other material in evidence, at least when no objection to the form of the affidavit was made in the trial court. *Holland v. Sanjax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442); Lawson v. American Motorists Ins. Corp., 217 F2d 724, 726 (5th Cir. 1954); Chambers v. United States, 357 F2d 224, 228 (8th Cir. 1966)." *Nevels v. Detroiter Mobile Homes, Inc.,* 120 Ga. App. 60, 62 (169 SE2d 716), cert. den. 120 Ga. App. 886; *Central Chevrolet, Inc. v. Lawhorn,* 120 Ga. App. 650 (2) (171 SE2d 774). As to the service and time of filing of the affidavit, there is no showing of any objection being made in the trial court or any harm to the defendant. See *Simmons v. State Farm Mut. Auto. Ins. Co.,* 111 Ga. App. 738 (143 SE2d 55); *Harrington v. Frye,* 116 Ga. App. 755, 757 (159 SE2d 84); *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880, supra. *Malone v. Ottinger,* 118 Ga. App. 778 (165 SE2d 660), is not a binding precedent for the reason it was only a two-judge opinion.

In our opinion, the question of whether the evidence shows that by the use of ordinary care the plaintiff could have avoided the consequences to himself of the defendant's alleged negligence as well as the question of the defendant's negligence as to the open stairwell must be resolved by a jury. *Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918).[1]

---

[1]This opinion is decided under the "plain, palpable and undisputable" rule. See *Powell v. Berry,* 145 Ga. 696, 701 (89 SE

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., Pannell, Deen, Quillian and Evans, JJ., concur. Whitman, J., concurs in the judgment. Jordan, P. J., and Eberhardt, J., dissent.*

JORDAN, Presiding Judge, dissenting. The rule is well established that "where the injured party, by the use of ordinary care, could have avoided the consequences to himself of the defendant's negligence, he is not entitled to recover. His failure in this respect does not stop with reducing the amount of damages, but defeats a recovery altogether." *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665, 669 (88 SE2d 6). In applying the rule the Supreme Court has stated that "[w]hen it would be impossible for the jury to arrive at but one conclusion, the court is not bound to take the opinion of a jury, even upon a question of negligence." *Smith v. Central R. & Bkg. Co.,* 82 Ga. 801, 807 (10 SE 111). I have no quarrel with the general principles of law stated in the majority opinion. I dissent from the holding based on the facts of this particular case, which in effect abolishes the rule that a plaintiff is not entitled to recover where it can be said as a matter of law that he failed to exercise ordinary care for his own safety.

The fall occurred during daylight, whatever defects or dangers existed were clearly visible, and the plaintiff admits that by looking in the direction of his movement, and nothing appears which would have prevented this action, he could have avoided falling into the open stairwell. Could the jury, under the facts disclosed by the plaintiff, have reached any other conclusion except that, whatever the negligence of the defendant, the prox-

---

753, LRA 1917A 306. While not relying upon the same, we note that in a very recent case, the Supreme Court held that the conduct of a party "cannot be declared to be negligent, as a matter of law, unless it has been so declared by a law-making body, and in the absence of such a declaration the jury is the arbiter of the question. . ." *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294). It is beyond question that the plaintiff's conduct in this case has never been declared by the General Assembly to be negligent.

imate cause of the plaintiff's injuries was his failure to look where he was walking, without any justifiable explanation for his conduct? We think not.

We see no substantial difference in the facts here disclosed and that of a plaintiff cameraman who stepped backward into an excavation while endeavoring to focus his camera, as supporting a judgment n.o.v. for the defendant (*Nechtman v. B. Thorpe & Co.*, 99 Ga. App. 626 (109 SE2d 633)), or that of a plaintiff who, in her own home, stepped into an open hole left by the removal of a floor furnace, who testified, "Well, I guess I wasn't looking, because I fell into it," as supporting a summary judgment for the defendant (*Harris v. Bethel Air Conditioning &c. Co.*, 114 Ga. App. 255 (150 SE2d 710), and cit.)

I am authorized to state that Judge Eberhardt concurs in this dissent.