### 9171. FLOURNOY v. AMERICAN HAT MFG. CO.

This being an action against a master to recover damages for injuries to a servant, and it appearing, from the allegations of the petition, that the servant must have known the facts charged as negligence of the master, there was no error in sustaining the general demurrer and dismissing the action.

DECIDED JANUARY 21, 1918.

Action for damages; from Fulton superior court—Judge Pendleton. June 20, 1917.

Mrs. Flournoy brought suit against the American Hat Manufacturing Company for damages on account of personal injuries alleged to have been caused by negligence of the defendant in failing to furnish her a safe place in which to labor. In the original petition she alleged that she was an employee of the defendant, at work on the third floor of the place of business operated and controlled by it; that a stairway leading from the second to the third

floor of the said building was used by the employees of the defendant; that this stairway was located near the center of the building, and there was an electric light about half way down the stairway from the third to the second floor, for the purpose of lighting the stairway; that in the afternoon of the date alleged in the petition, to wit, September 9, 1915, at about 5:30 o'clock, she stopped work on the third floor and started down to the second floor, where she was required to register, and the only way provided for her and the other employees as a means of ingress and egress was down the stairway described in the petition; that at the time she started down said stairway the electric light over the stairway was not burning, and the stairway was dark, and the steps of the stairway were made of wooden boards or planks, which were old and had become worn by constant use until they were slick; that at the time she started down said stairway and when she had gone down one or two steps from the third floor, she fell some six feet down the stairway. Plaintiff amended her petition and alleged: that the room in which she worked was separated from the stairway by means of a swinging door that swung to and from the room in which she worked; that opposite this door was another door of like kind; that these doors were so arranged as to lead from the stairway on the third floor directly to the stairway running from the third to the second floor, and these doors were so constructed as to work upon spring hinges, and were always closed except when being pushed outwardly or inwardly by those passing through, and that when they were pushed open for the purpose of affording ingress or egress to and from the room, they immediately sprung back into a closed position; that on the date alleged, at about 5:30 o'clock in the afternoon, she prepared to leave by means of these doors described; that when coming through, the door swung back into position, leaving her in absolute darkness at the top of the stairway; that the space between the door and the top of the stairway was scarcely big enough for a person to turn around there, it being a little vestibule between the doors and top of the stair, about two or three feet in width and from four to five feet in length; that during the whole time she worked for the defendant it had been the policy of the company to have suspended from the ceiling of the second floor an electric drop-light, in the position about half way down the stairway described, and that

this was so suspended as to give a perfect illumination up the stairway, and when burning furnished a safe exit to the employees, and that during her whole term of service for defendant company, covering a period of three or four years before the date alleged, she had never known this light not to be burning at the time when the employees were leaving at night or late in the afternoon; that she could not have known that the light was not burning, prior to coming through the door, and that, the door swinging back into position while she was in a walking position, she missed the stairway leading to the second floor and fell down the steps, sustaining certain injuries described in her petition; that she could not by the exercise of ordinary care have known of the dangerous position in which she was placed, and that in stepping out in utter darkness in the manner described, she hit the open stairway, falling down the steps as alleged in the original petition. She charged that under the facts as stated in the petition as amended, the defendant was guilty of negligence in failing to provide her with a lighted stairway, and that she could not, by the exercise of ordinary care, have avoided the injury sustained.

*R. B. Blackburn, C. F. Wells,* for plaintiff.

*Rosser, Slaton, Phillips & Hopkins,* for defendant.

HARWELL, J. (After stating the foregoing facts.) Conceding that the petition as amended shows negligence on the part of the master, in that the steps were worn and slick, and that no light was burning at the place where it was usual for the light to be, when the plaintiff started to descend the steps, do not the facts alleged show that she was fully aware of the danger, and that she would be, therefore, precluded from any recovery? She had been working for the defendant, as she alleges, for three or four years, had to use these steps constantly, and must have known that they were worn and slick. She certainly had equal means with the master of knowing that fact, which is charged as negligence to the defendant company. When she emerged from the room upon the landing at the head of the steps, she must have seen immediately that no light was burning at the place where she alleges it usually burned. In the original petition she alleges that she had descended a step or two before she fell. The danger, if danger there was, from the absence of the usual light, was obvious to her before she started to descend, and she assumed the risk of those dangers, which were

known and obvious. "Upon one who brings a suit against a master for injuries to a servant it is incumbent to show not only negligence on the part of the master, but due care on the part of the servant; and it must appear that the servant injured did not know and had not equal means of knowing all that which is charged as negligence to the master, and by the exercise of ordinary care could not have known thereof." *Ludd* v. *Wilkins*, 118 *Ga.* 525, 526 (45 S. E. 429), and cases there cited, Civil Code (1910), § 3131; *Holland* v. *Durham Coal & Coke Co.*, 131 *Ga.* 715 (63 S. E. 290); *Attleton* v. *Bibb Mfg. Co.*, 5 *Ga. App.* 777 (63 S. E. 918); *Jellico* v. *White*, 11 *Ga. App.* 836 (76 S. E. 599). "No recovery can be had upon mere proof of negligence on the part of the master; but the plaintiff must show, in addition to the exercise of due care on his part, that he was not aware of the danger, that his opportunities for knowing the existence of the danger were not equal to those of the master, and that in the exercise of ordinary care he could not himself have known of the danger." *Kilgo* v. *Rome Soil Pipe Mfg. Co.*, 16 *Ga. App.* 737 (4) (86 S. E. 82), and citations. See also *Williams* v. *Atlantic Coast Line Railroad Co.*, 18 *Ga. App.* 117 (89 S. E. 158); *Stubbs* v. *Atlanta Cotton-Seed Oil Mills*, 92 *Ga.* 495 (17 S. E. 746); *Lowry* v. *Atlanta Joint Terminals*, 145 *Ga.* 782 (89 S. E. 832). Under the facts shown by the allegations of the petition as amended, the court did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*