13308.　BIEDERMAN v. MONTEZUMA MANUFACTURING COMPANY.

BELL, J.　There being no allegation to the contrary, it must be assumed that the servant (the plaintiff) was of ordinary intelligence, and that he was laboring under no physical defect or disability which rendered him incapable of appreciating the situation and knowing of the dangers incident to his employment. *Thomas* v. *Georgia Granite Co.*, 140 *Ga.* 459, 461 (79 S. E. 130). Construing the petition (as it must be construed) most strongly against the plaintiff, it appears that the defects upon the floor which caused him to slip and fall, and thus resulted in the injuries for which he sues, were patent and obvious, and that he had equal means with the defendant, his master, of knowing thereof. No cause of action is alleged, and the general demurrer of the defendant was therefore properly sustained. Civil Code (1910), § 3131; *Dozier* v. *Atlanta*, 118 *Ga.* 354 (45 S. E. 306); *Ludd* v. *Wilkins*, 118 *Ga.* 525 (45 S. E. 429); *Day* v. *Graybill*, 24 *Ga. App.* 524 (101 S. E. 759); *Ogain* v. *Imperial Café*, 25 *Ga. App.* 415 (103 S. E. 594).

　　　　*Judgment affirmed. Jenkins P. J., and Stephens, J., concur.*
　　　　　　　DECIDED FEBRUARY 15, 1923.

Action for damages; from Macon superior court — Judge Littlejohn. January 3, 1922.

From the petition as amended it appears that the plaintiff, when at work as an employee in the defendant's cottonseed-oil mill, was called upon by the foreman to repair a leaking oil-pump, the packing of which was worn, and he looked for a piece of belting such as was used for making the packing, and, after some search, found a piece on the floor under some shelves on a porch, and knelt to cut off a piece, and, " in attempting to rise from his knees after cutting off the piece of belting, his right foot was placed on a greasy and slick place on the floor," which, the petition alleges, was " caused by the defendants carelessly and negligently allowing oil and grease to be on the floor of the porch," and " caused his right foot to slip, and hurled him backward, his right hip and spine striking against a large piece of casting lying upon the floor;" in consequence of which he suffered injuries described. It is further alleged, that " the porch upon which the belting was found was not connected with the part of the building in which the oil was manufactured, and no machinery of any kind was stationed upon the porch; there were lying on the floor several large pieces of cast iron that had no connection with the running machinery; petitioner was not familiar with this place; he does not recall being on it before; . . he did not notice or see that the floor was greased or made slick from oil being put upon it; there was no machinery connected

therewith to call his attention to it; in kneeling to cut off the piece of belting he acted with all care and caution that a prudent man would exercise, and when his foot slipped from under him and threw him upon the casting it was entirely without fault and negligence on his part." It is alleged that the defendant knew or ought to have known that the grease was on the floor and caused it to be slippery, and that the defendant "was bound to have seen that the belting which was to be used for packing or making washers for oil-pumps and other machinery was stored in a safe place where petitioner could get it without injury to his person."

*J. J. Bull & Son,* for plaintiff. *Jule Felton,* for defendant.