## 14383. AVARY v. ANDERSON.

Whether the plaintiff was a tenant, boarder, or guest of the defendant innkeeper, when her petition is construed most strongly against her (as it must be, on demurrer), it appears that the grease upon the floor of the bathroom, which caused her to slip, fall, and suffer the injuries sued for, was patent and obvious, and that, even though the defendant, in allowing such condition to exist in the bathroom furnished for the plaintiff's use, was negligent as alleged, the plaintiff could have avoided the consequences thereof by the exercise of ordinary care; and this is so notwithstanding the general averment of proper care on her part, and the further allegation that she did not know of the existence of the greasy substance at the particular place where she fell, and that she did not see and had no means of seeing or knowing that it was there; these averments being negatived by the particular facts pleaded. It affirmatively appears that the plaintiff could see; but if this were not so, she would be presumed, in the absence of anything to the contrary, to be free from disability in this regard. The general demurrer was properly sustained.

DECIDED DECEMBER 10, 1923.

Action for damages; from city court of Atlanta—Judge Reid. February 3, 1923.

Application for certiorari was denied by the Supreme Court.

Mrs. Cora L. Avary brought a suit for damages against T. J. Anderson as an innkeeper operating the Marion Hotel. It is alleged that she rented a room from the defendant, to be occupied permanently, for which she was to pay a named sum per week, and that, in addition to having the use of the room, she was privileged to use either of two bathrooms; that during her occupancy of the room under the terms stated above she went to one of the bathrooms for the purpose of taking a bath, and found it "in a muddy, unsanitary, and filthy condition and unfit for use." She then went to the other bathroom, and, finding it occupied, requested a maid in the employ of the defendant to clean and place in order the one first visited; that the maid replied that she was busy, and refused to comply with the plaintiff's demand; that the plaintiff then returned to the bathroom to which she had gone at first, and "again found muddy footprints, talcum powder, and dirt on the floor, and the bathtub in a filthy and unsanitary condition;" that she then scrubbed out and cleaned the tub and took her bath, after which she dressed in light garments, put on her bath shoes, and, with some articles in each hand, proceeded to leave the bathroom. "When she reached the

door she discovered that she had left her key on the window-sill, and returned and got it; she proceeded again to leave the room, and when she reached the door she slipped and fell, her feet extending into the hallway, the back of her shoulders and head striking on the bathtub, and her left arm striking the door and floor." "Petitioner shows that said bathroom and the floor thereof [were?] unclean, filthy, dirty, and unsanitary, in that there was mud, talcum powder, and *a greasy substance on the floor, and that said floor was thereby rendered unsafe for use by petitioner* and guests, and that said *defendant* had knowledge of the condition of said bathroom and the floor of same" (italics ours) ; "that near the door of said bathroom, and at the place and spot where petitioner slipped and fell, there was a greasy and slippery substance on the floor, which petitioner did not see and had no means of seeing nor of knowing that it was there, and that, without knowledge of it being there, she stepped on and in it and fell." "Petitioner further shows that at the spot where she slipped and fell there was a greasy substance, the existence of which at said particular place petitioner did not know, and that she fell in spite of extraordinary care and precaution which she exercised in walking on said floor." "Petitioner shows that said defendant was negligent as follows: in allowing the floor of said bathroom to become unsafe by the accumulation of filth and grease as alleged; in allowing said floor to remain in said unsafe condition; in failing to keep said floor in a clean and safe condition; in inviting guests to use the bathroom with its floor in the condition above set forth; in permitting petitioner to use said bathroom when it was in the condition alleged above; in not causing servants to keep said floor clean and [in] safe condition; and in not keeping in his employ sufficient servants, maids, and help to maintain said bathroom and the floor thereof in a safe and sanitary condition." Her injuries are described, and damages are laid in the sum of $10,000. She excepted to sustaining of a demurrer to the petition.

*F. E. Radensleben,* for plaintiff, cited: 22 Cyc. 1080-1; 70 S. E. (N. C.) 395; 86 N. E. 918; 129 Pac. 103; 222 Pa. 395.

*McDaniel & Neely, W. O. Wilson,* for defendant, cited: 22 Cyc. 1077, 1080-1; 48 S. W. (Tenn.) 809; 131 Fed. 161; 24 *Ga. App.* 524; 25 *Ga. App.* 369; Id. 415; 28 *Ga. App.* 335.

BELL, J. (After stating the foregoing facts.)

It appears from the petition that the plaintiff could see and did see the general condition of the bathroom, and was thereby warned. She only alleges that she did not see the greasy substance at the particular spot where she fell. The inference is demanded that she saw that a "greasy substance" was on the general floor, and that the "floor" was "thereby rendered unsafe." See italics in the statement of facts. To allege that she did not see and had no means of seeing or of knowing that the greasy substance was at the particular place is not equivalent to an averment that it was in some way obscured. She does not allege it was dark. It does not appear that the plaintiff was suffering from any defect of vision. It is therefore presumed that her vision was normal, and thus she did have the means of seeing and knowing of the condition which brought about her injury. Construing the petition most strongly against her, as must be done on demurrer, it appears that the grease upon the floor was patent and obvious, and that even though the defendant may have been negligent in allowing it to be there, the plaintiff could have avoided the consequences of that negligence by the exercise of ordinary care; and this is so notwithstanding the general averment of proper care on her part. The specific facts pleaded must prevail over the mere conclusions of the pleader. The general demurrer was properly sustained. *Hendricks* v. *Jones, 28 Ga. App.* 335 (111 S. E. 81); *Lebby* v. *Atlanta Realty Corporation, 25 Ga. App.* 369 (103 S. E. 433) (in which Judge Stephens dissented); *Day* v. *Graybill, 24 Ga. App.* 524 (101 S. E. 759); *Biederman* v. *Montezuma Mfg. Co., 29 Ga. App.* 589 (116 S. E. 225); *Bolden* v. *Central of Ga. Ry Co., 130 Ga.* 456 (60 S. E. 1047); *Banks* v. *Schofield's Sons Co., 126 Ga.* 667 (55 S. E. 939); Civil Code (1910), § 4426.

Furthermore, it may be noticed that the plaintiff does not allege that the greasy spot caused her to fall, but merely that she stepped on it, slipped, and fell. But in view of what we have said above, it is unnecessary to decide whether the petition was defective for this reason.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*