18380. HAVERTY FURNITURE CO. *v.* JEWELL.

STEPHENS, J. 1. Evidence that the plaintiff's foot slipped upon linoleum upon a floor and that the linoleum at that particular place had the appearance of having been gone over with an oil mop and of being at the time covered with a substance resembling oil, that the linoleum elsewhere had no such appearance as has just been described, but that the floor surrounding the strip of linoleum had the appearance of having been freshly oiled, authorizes an inference that the plaintiff's foot slipped as a result of a slick condition of the linoleum caused from a slick substance resembling oil upon the linoleum.

2. Evidence that the floor upon which the plaintiff claimed to have slipped was in the store of the defendant, and within the defendant's custody and control, that the passageway over the floor at this point was not well lighted and somewhat dark, that the plaintiff, before she slipped, did not know of the slippery condition of the linoleum, although she had looked at it before she stepped upon it, that she had been in the store to make a payment upon her account with the defendant, and that when she slipped and fell she was leaving the store by a passageway which led to the street, authorizes the inference that the plaintiff at the time of the injury was an invited guest upon the premises of the defendant, and that she, without negligence on her part, was injured as a result of a slippery condition of the linoleum due to the defendant's negligence and to no fault on her part.

3. Where the court charged the jury that if the defendant used the most approved methods of cleaning and washing the linoleum, there could be no recovery by the plaintiff as a result of her having slipped upon the linoleum, "unless it is shown that the oil or grease was left or allowed to accumulate on the floor by the defendant," this latter expression in the charge is not an unequivocal instruction that there could be a recovery against the defendant if the defendant allowed oil or grease to accumulate on the floor, without reference to the defendant's negligence. If this charge contains any intimation that there could be a recovery against the defendant without any reference to negligence on the part of the defendant as respects the condition of the linoleum, this vice in the charge is cured and removed by the unequivocal instructions contained elsewhere in the charge to the effect that a recovery by the plaintiff is dependent upon negligence upon the part of the defendant as respects the conditions out of which the plaintiff's alleged injuries arose.

4. No error of law appears. The evidence authorized the verdict in the

amount found for the plaintiff; and since the verdict has the approval of the trial judge, this court is powerless to interfere.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 13, 1928.

*Underwood, Haas & Gambrell,* for plaintiff in error.
*Dillon, Calhoun & Dillon, C. M. Austin,* contra.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*