31861.   BRYANT *v.* S. H. KRESS & COMPANY.

DECIDED FEBRUARY 19, 1948.

*M. G. Hicks, W. T. Maddox,* for plaintiff.

*Bryan, Carter & Ansley, Wright, Rogers, Magruder & Hoyt,* for defendant.

Sutton, C. J.   (After stating the foregoing facts.)   ■ "A nonsuit shall not be granted merely because the court would not allow a verdict for the plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310. A motion to nonsuit is in the nature of a demurrer to the evidence, and should never be granted when there is any evidence tending to sustain the plaintiff's action, or where the jury can fairly infer from the evidence a state of facts favorable to the plaintiff, and the evidence should be construed in its most favorable light for the plaintiff. *Hawkins* v. *National Surety Corp.,* 63 *Ga. App.* 367, 373 (11 S. E. 2d, 250) ; *Yeager* v. *Weeks,* 74 *Ga. App.* 84 (2) (39 S. E. 2d, 84). Also, see *Moseley* v. *Patterson,* 27 *Ga. App.* 133, 135 (107 S. E. 623) ; *Mason* v. *Hall,* 72 *Ga. App.* 867, 873 (35 S. E. 2d, 478), and citations; *Vickers* v. *Atlanta & West Point R. Co.,* 64 *Ga.* 306, 307.

The plaintiff was an invitee upon the premises of the defendant at the time she slipped and fell. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. "In general, ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. . . The absence of such diligence is termed ordinary negligence." § 105-201. Under the

evidence in this case, the jury was authorized to find that the defendant had placed wax, or some other substance, upon the floor of its store; that the wax or other substance had been applied over the entire floor of the store, but that at the point in the aisle between the counters where the plaintiff slipped and fell, the wax or other substance was thicker than elsewhere in the store and the floor at that point was slippery and persons were more apt to fall at that point than at other places in the store; that this condition had existed for some time, that is, if this accident occurred on Monday before noon, the floor was waxed the preceding Saturday night, and the defendant's employees knew of this condition prior to the time that the plaintiff slipped and fell; that, while the entire floor had been covered with wax, or other substance, by the defendant, it was thicker at the place where the plaintiff slipped and fell than at other places in the store, but that this could be observed only by a close inspection.

Under the evidence in this case, when construed in its most favorable light to the plaintiff, as is proper when exception is taken to the grant of a judgment of nonsuit, the jury would have been authorized to find that the defendant was negligent in causing or allowing a slippery substance to be placed upon the floor of its store, where the plaintiff was invited as a customer, and that by reason of the resultant condition of the floor she was injured by slipping and falling thereon. We think that the evidence was sufficient to make a prima facie case for the plaintiff and, therefore, should have been submitted to and passed on by the jury. In this connection, see *Woolworth* v. *Wood*, 32 *Ga. App.* 575 (124 S. E. 110), and citations; *Mattox* v. *Lambright*, 31 *Ga. App.* 441 (120 S. E. 685), and citations; *Southern Grocery Stores* v. *Braun*, 57 *Ga. App.* 31 (194 S. E. 219).

The cases cited and relied on by the defendant in error, *Cook* v. *Kroger Baking & Grocery Co.*, 65 *Ga. App.* 141 (15 S. E. 2d, 531), *Brown* v. *S. H. Kress & Co.*, 66 *Ga. App.* 242 (17 S. E. 2d, 758), and *Miscally* v. *Colonial Stores Inc.*, 68 *Ga. App.* 729 (23 S. E. 2d, 860), are distinguishable on their facts from the present case, in that, in those cases, the plaintiffs were injured by stepping upon some object upon the floors of the defendants' stores, but it did not appear in such cases that the defendants themselves had placed the objects there or knew of their presence upon the

floors, nor was the time in which the objects had been allowed to remain there shown to be of sufficient length to charge the defendants with notice. In the present case, it appears that the defendant itself had placed the wax, or other substance, upon its floor, and that it had been allowed to remain there for some period of time. The other cases cited and relied on by the defendant in error are likewise distinguishable on their facts from the present case.

■ The defendant contends that the plaintiff was guilty of such want of ordinary care for her protection as would preclude a recovery. This contention is not borne out by the evidence. The jury was authorized to find that the entire floor had been waxed, or covered with some other substance, and that at the place where the plaintiff was injured the wax, or other substance, appeared to have been poured or spilled and it was thicker there than elsewhere in the store, but this condition of the floor at the place where the plaintiff slipped and fell could not be easily seen by customers of the store coming in and walking on the floor at that point, it being darker there than in other parts of the store.

It can not be said as a matter of law that the plaintiff, in walking between the counters in the defendant's store with knowledge that the floors of the store had been waxed, was guilty of such negligence, if any, as would bar a recovery, where it appears that her act would not have been attended with any danger, except for the excess amount of wax, or other substance, that the defendant had placed and allowed to remain on its floor between the counters where the public was invited and where the plaintiff fell, which defect could only be discovered by an examination of the floor at that point. In this connection, see *Mattox* v. *Lambright,* supra.

■ The evidence, when construed in its most favorable light to the plaintiff, made out a prima facie case for her, and the judge erred in granting a judgment of nonsuit.

*Judgment reversed. Felton and Parker, JJ., concur.*