### 35582. MATTOX *v.* ATLANTA ENTERPRISES, INC.

DECIDED APRIL 18, 1955.

*Alex McLennan, R. L. Addleton, Wm. Hall, Cullen M. Ward,* for plaintiff in error.

*Hewlett, Dennis, Bowden & Barton,* contra.

QUILLIAN, J. Mrs. Cleo Mattox brought an action for damages against Atlanta Enterprises, Inc., in Fulton Superior Court. The suit was based upon alleged negligence of Atlanta Enterprises, Inc., resulting in certain personal injuries to the plaintiff. The defendant filed a general demurrer to the petition, on the ground that the petition did not set forth a cause of action. The demurrer was sustained, the petition was dismissed, and the plaintiff excepted.

The petition alleged in substance that the defendant corporation was engaged in the amusement business, and on July 23, 1950, operated a motion-picture theatre in the City of Atlanta known as the Roxy Theatre; and that the defendant's theatre was operated for a profit and charged the public for admission.

The petition further alleged: that the plaintiff resided in Griffin, Georgia, and was employed as Registrar of Spalding High School at Griffin; that the plaintiff brought three high-school children to Atlanta for the purpose of the children attending a motion-picture performance at the Roxy Theatre; that the plaintiff had custody of the children on the trip to Atlanta; that the plaintiff purchased tickets for the students to attend the Roxy Theatre; that, although the plaintiff did not attend the performance, she arranged to return for the children; that at about 11:15 p. m., the plaintiff returned for the children and informed an usher of her mission, and he invited her to enter for the purpose of looking for the children; that, being unable to locate the children, the plaintiff returned to the usher, who informed her that they were in the ladies' rest room; that the usher directed her to go down a stairway and then turn left as she entered the lobby, and to follow another stairway down into the rest room; that the theatre was capable of being lighted, but there were no ceiling lights on, and the only lights burning were two dim wall lights in the main lobby, which had shades over them; that the stairway was not lighted, even though there was a wall light on the stairway which could have been in use, but was not; that the plaintiff approached the entrance to the stairway; that the stairway was dark, and the plaintiff cautiously stepped forward down the stairs feeling her way as she advanced to the ladies' rest room; that the carpet on the stairway protruded up at the head of the stairway immediately above the first step, a distance of one and one-half inches, and there was a hole in it at that place; that the carpet on the first step also had a torn place twenty inches long; that there was a torn place in the carpet on the second step twenty-four inches long; that the defendant had knowledge of these facts because the assistant manager had been reporting the condition to the manager since 1949; that there was a large amount of grease or some other slimy, slick, and slippery substance on the carpet; that it was impossible for the plaintiff to see this substance because of the darkness; that, when the plaintiff made a step forward to go down the steps, the heel of her shoe caught in the carpet and her other foot came in contact with the greasy spot, which caused the plaintiff to lose her balance and fall down the entire stairway and receive permanent

and painful injuries; that the plaintiff was in the theatre at the invitation of the owner and was on the premises for the benefit of the defendant; that it was necessary for the defendant to invite parents of children or other persons who had the custody of children to enter the theatre, because the parents would not allow the children to attend unless they were allowed to enter for the purpose of accompanying children from the theatre.

The petition alleged also: that the defendant had notice of the defects in the stairway; and that the defendant was negligent, in allowing the greasy substance to remain on the stairway, in failing to warn the plaintiff of the presence of the grease, in keeping the theatre in a state of darkness, in allowing the protruding, torn, and defective carpet to remain on the stairway, creating a hidden peril which caused the plaintiff to fall.

The averments of the petition, properly construed most strongly against the pleader, show that the plaintiff was aware that the stairway was "dark," and that she could not safely descend it; that, nevertheless, she continued down the steps "feeling her way as she advanced," fell, and sustained certain personal injuries. Under the rulings of *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (111 S. E. 81); *Flournoy* v. *American Hat Mfg. Co.*, 21 *Ga. App.* 599 (94 S. E. 835); *Lebby* v. *Atlanta Realty Corp.*, 25 *Ga. App.* 369 (103 S. E. 433); *Avary* v. *Anderson*, 31 *Ga. App.* 402, 404 (120 S. E. 683); *Frierson* v. *Mutual Realty Co.*, 48 *Ga. App.* 839 (174 S. E. 144), we are constrained to hold that the danger was obvious to her, and by the exercise of ordinary care for her own safety, she could have avoided being injured. Therefore, she was precluded from recovery because of her own negligence. Although this writer does not agree that the correct rule is stated in the decisions cited, and while other jurisdictions hold that it is a jury question as to whether or not it is negligence to walk down a strange dark stairway, we are bound to follow the precedents of this court.

In the above-cited cases there were no defects in the stairway of which the plaintiff did not have knowledge; but, under the ruling in *Dacus* v. *Dickinson Trust Co.*, 65 *Ga. App.* 872 (16 S. E. 2d 786), it was of no consequence whether the defendant was negligent in allowing the stairway to become defective, be-

cause the plaintiff was not in the exercise of ordinary care in proceeding through the darkness.

An invitee must exercise the same degree of care for his own safety as a licensee, and therefore it would be immaterial in which of these classes the plaintiff belonged.

The trial judge did not err in sustaining the general demurrer for the reasons assigned.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*